**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSHCO GROUP, LLC dba VETERAN BENEFITS GUIDE; et al,

Plaintiff,

v.

ROB BONTA, in his official capacity as the Attorney General of the State of California,

Defendants.

Case No.: 26-cv-4727-BJC-GC

**ORDER GRANTING VETERANS LEGAL CLINIC AT UNIVERSITY OF SAN DIEGO SCHOOL OF LAW AND THE VETERANS CLINIC AT UNIVERSITY OF WASHINGTON SCHOOL OF LAW'S MOTION TO FILE AMICUS BRIEF [ECF NO. 27]**

Pending before the Court is a Motion for Leave to File Amicus Brief filed by the Veterans Legal Clinic at University of San Diego School of Law and the Veterans Clinic at University of Washington School of Law ("Amici"), challenging the constitutionality of California Senate Bill 694 ("SB 694"). ECF No. 27. Amici are law school clinics that provide free legal services to veterans regarding disability benefit claims with the U.S. Department of Veterans Affairs ("VA"). Defendant consents to this filing. Plaintiffs oppose.

## I. Factual and Procedural Background

On February 10, 2026, SB 694 was signed into law with an effective date of January 1, 2027. The law amends the California Civil Code, within the Consumers Legal Remedies

Act ("CLRA"), and the California Military and Veterans Code ("CMVC") to prohibit "charging or receiving an unreasonable fee to prepare, aid or advise any" veteran in seeking services "including pension and other benefits." SB 694(24)(A), (B)(ii); see https://calmatters.digitaldemocracy.org/bills/ca_202520260sb694 (last visited Nov. 2, 2026). The bill further prohibits unreasonable fees "[c]harged with respect to federal veterans benefits that exceeds the amount that could be charged for those services by an attorney or claims agent accredited by the United States Department of Veterans Affairs." *Id.*

Plaintiff JoshCo Group d/b/a Veterans Benefits Guide ("VBG") is a Nevada limited liability company with its headquarters in Las Vegas, Nevada, and its regional office in Chula Vista, California, that provides advice and assistance to veterans concerning claims for VA disability benefits. ECF No. 1 ¶ 13. Plaintiff Veterans Guardian ("VG") is a North Carolina limited liability company, with a principal place of business in Pinehurst, North Carolina, that provides the same or similar services as VBG. *Id.* ¶ 14. Plaintiff Duane Svoboda is an Army veteran living in Lancaster, California and is a client of Veterans Guardian who used VG's services in the past and believes he is entitled to an increase in disability benefits, but he claims he cannot access Veteran's Guardian's full services due to SB 694. *Id.* ¶ 15. Plaintiff Jonathan Svoboda is a Navy veteran living in San Diego, California who heard about Veterans Guardian's services from his father, Plaintiff Duane Svoboda. Jonathan Svoboda asserts that he would like Veterans Guardian's advice and assistance concerning a claim for increased disability benefits, but Veterans Guardian is unable to help him because SB 694 will take effect on January 1, 2027. *Id.* ¶ 16.

Defendant Rob Bonta ("Defendant") is the Attorney General of California. Defendant and his staff are authorized to enforce and investigate alleged violations of California's CLRA and CMVC, including SB 694 when it takes effect. *Id.* ¶ 17.

On August 18, 2026, Plaintiffs filed a Complaint alleging that SB 694 violates their First Amendment rights by unlawfully restricting their speech. ECF No. 1. Plaintiffs argue that SB 694 burdens their "ability to provide advice and assistance (to include instruction,

education, guidance, drafting, etc.) concerning veterans' claims for VA disability benefits." *Id.* ¶ 6. Plaintiffs further contend that SB 694 violates the First Amendment rights of the veteran Plaintiffs to communicate with Plaintiffs VBG and Veterans Guardian about their claims, and to petition the government for redress of grievances using Plaintiffs services. *Id.* ¶ 7.

On August 18, 2026, Plaintiffs filed a Motion for Preliminary Injunction. ECF No. 5. On August 20, 2026, Plaintiffs filed an Amended Motion for Preliminary Injunction, relying on the Memorandum of Points and Authorities filed on August 18, 2026. ECF No. 15. On October 6, 2026, Amici filed the present Motion seeking permission from the Court to file an accompanying amicus brief in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. ECF No. 27. On October 9, 2026, Plaintiffs filed an Opposition to the Motion. ECF No. 36. On October 12, 2026, Amici filed a Reply. ECF No. 38.

In light of the constitutional challenges contained within the complaint, the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## II. LEGAL STANDARD

A district court has broad discretion to appoint amici curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982) overruled in part and on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). An *amicus curiae*, or "friend of the court," does not represent the parties, but "participates solely for the benefit of the court." *Barnes-Wallace v. Boy Scouts of America*, 00-cv-1726-J-AJB, *1, 2004 WL 7334945 (S.D.Cal.Mar. 23, 2004). "Amicus participation is generally most appropriate when: (1) proposed *amici* provide unique information or perspective that would assist the Court in determining the matter before it; (2) they have interest in another, similar case that may be affected by the instant outcome; or (3) a party is unrepresented or not competently represented." *Angga v. Bumble Bee Foods, LLC.,* No.: 25-cv-0583-MMA-DEB, *12025 WL 2345080 (S.D. Cal. Aug. 13 2025). District courts may, but are not required to, refer to Federal Rule of Appellate Procedure 29 because the Federal Rules of Civil Procedure do not provide guidance to

district courts when considering such requests. *Alegre v. United States*, No. 16-cv-02442-AJB-MSB, *1, 2026 WL 3084995 (S.D. Cal. Oct. 15, 2026)(citing *United States v. State Water Res. Control Bd.*, No. 2:19-cv-00547-DAD-EPG, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020)).

## III. Discussion

Amici argue that the Court should permit the filing of their amicus brief because they have a "unique perspective formed by working directly with individual veteran clients at risk of harm from claims consultants." ECF No. 27 at 2. In addition, Amici contend that they have insights gained from clients about the importance of access to VA disability benefits. *Id.* Amici claim that their participation is warranted because the legal issues in this case have broad potential ramifications beyond the parties and enjoining SB 694 could harm the 1.5 million California veterans who need full access to VA benefits. *Id.* at 2-3.

Plaintiffs counter that the proposed amicus briefs are untimely because Rule 29 requires that proposed amicus must be filed "no later than seven days after the principal brief," but Amici filed their request after Plaintiff's motion was fully briefed. ECF No. 36 at 2-3. In addition, Plaintiffs argue that Amici provide an inaccurate picture of how claims consultants operate. Specifically, Plaintiffs argue that they do not "take a cut" of veterans' benefits, noting that "only accredited agents and attorneys may receive payment directly from the disability benefits veterans would otherwise receive." *Id.* at 4. In addition, Plaintiffs contend that Amici misrepresent that there is a "legislative convergence" of similar legislation by addressing "only a handful of states, leaving out any mention of the many more states that have advanced the same veteran-protection interests through reasonable consumer safeguards that reflect less-restrictive alternatives to the categorical prohibition California adopted." *Id.* at 5. In sum, Plaintiffs contend that proposed amicus is unhelpful to the Court because it largely ignores "Plaintiffs' as-applied challenge altogether, substituting the concrete evidence concerning the parties in this case with generalized descriptions of other industry participants or with hypotheticals generated on faulty assumptions." *Id.* at 7.

Amici reply that the motion is not untimely because the timeframe of Rule 29 is not binding on this Court. ECF No. 38 at 2. More importantly, Amici claim that Plaintiffs will not be prejudiced by the submission of the amicus because Plaintiffs rejected Amici's offer to extend the time for Plaintiffs to reply to the proposed amicus on the condition they agree not to oppose amici's motion. *Id.* Moreover, Plaintiffs had a meaningful opportunity to respond by thoroughly addressing both procedural and substantive objections in their opposition. *Id.* Although Plaintiffs claim that the proposed amicus is redundant and not helpful to the Court, Amici claim that Plaintiffs do not identify any actual overlap between Defendant's and Amici's briefing to support their assertion. *Id.* According to Amici, Plaintiffs mischaracterize their argument that excessive claims consultants fees take away from veterans' earned benefits. *Id.* at 3. Regarding Plaintiffs' contention that Amici's brief is misleading because it leaves out information about states that have adopted "less-restrictive alternatives" to SB 694, Amici clarify that their brief "does not hold itself out as addressing all state-level legislation," but "it draws the Court's attention to states that have enacted legislation comparable to SB 694 as evidence of SB 694 being in the public interest." *Id.*

As a primary matter, the Court is not bound by the timelines imposed by Rule 29 and finds that Amici's motion is not untimely or prejudicial to Plaintiffs, who have been given sufficient opportunity to challenge the contentions raised in the proposed amicus. First, Amici offered Plaintiffs an extension of time within which to respond to the proposed amicus, on the condition that Plaintiffs did not object to the filing of the amicus. Plaintiffs declined this offer. Instead, Plaintiffs submitted a lengthy opposition to the motion in which they address their procedural and substantive concerns with the proposed amicus.

Moreover, the Court finds that the proposed amicus contains a unique perspective because Amici directly assist veterans in the disability claims process, which allows them to have insights into the challenges veterans face, as well as the financial impact of predatory practices in the industry. *Angga, LLC.,* No.: 25-cv-0583-MMA-DEB, *12025 WL 2345080 ("proposed amici provide unique information or perspective that would assist

the Court in determining the matter before it.") Importantly, the dispute concerning SB 694 addresses legal issues that could potentially affect more than one million veterans in California, and "[a]micus briefs are frequently welcome...concerning legal issues that have potential ramifications beyond the parties directly involved." *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). It is immaterial that Amici limited their contention regarding legislative convergence to states that have enacted similar legislation because Plaintiffs have provided many contrary examples from various states, resulting in a robust sampling of differing legislative responses. See e.g., Va. Code § 59.1-615; Ala. Code § 8-19I-1–8; Fla. Stat. § 501.9741; Idaho Code § 48-603H; N.C. Gen. Stat. § 143B-1278; Okla. Stat. tit. 44, §239; S.D. Codified Laws § 33A-2-37–42; S.C. Code Ann. § 25-11-820; Tenn. Code § 58-3-115; H.B. 1076, Reg. Sess. (Miss. 2026). Similarly, the contention that the motion should be denied because it misrepresents the payment structure of veteran benefit consultants is not persuasive because the named parties have fully briefed the matter.

For these reasons, the Court finds that the proposed amicus is helpful to the disposition of the case pending before it and grants the motion to file.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** Amici's motion to file an amicus brief in support of Defendant, and the proposed amicus brief shall be filed. ECF No. 27.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge