**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHCO GROUP, LLC dba VETERAN BENEFITS GUIDE; et al,<br>Plaintiff,<br>v.<br>ROB BONTA, in his official capacity as the Attorney General of the State of California,<br>Defendants. | Case No.: 26-cv-4727-BJC-GC<br><br>**ORDER GRANTING NATIONAL VETERANS LEGAL SERVICES PROGRAM'S MOTION TO FILE AMICUS BRIEF AND GRANTING REQUEST FOR JUDICIAL NOTICE [ECF No. 29]** |

Pending before the Court is a Motion for Leave to File Amicus Brief filed by the National Veterans Legal Services Program ("NVLSP"), in this case challenging the constitutionality of California Senate Bill 694 ("SB 694"). ECF No. 29. NVLSP has also requested judicial notice of SB 694's legislative history and portions of the legislative history of the federal "GUARD VA Benefits Act." ECF No. 30. NVLSP is a nonprofit organization that recruits and trains volunteer lawyers and advocates to assist veterans in accessing benefits, and publishes the 2,400-page Veterans Benefits Manual. Defendant Rob Bonta has consented to the filing of NVLSP's amicus curiae brief. Plaintiffs oppose.

## I. Factual and Procedural Background

On February 10, 2026, SB 694 was signed into law with an effective date of January

1, 2027. The law amends the California Civil Code, within the Consumers Legal Remedies Act ("CLRA"), and the California Military and Veterans Code ("CMVC") to prohibit "charging or receiving an unreasonable fee to prepare, aid or advise any" veteran in seeking services "including pension and other benefits." SB 694(24)(A), (B)(ii); see https://calmatters.digitaldemocracy.org/bills/ca_202520260sb694 (last visited Nov. 2, 2026). The bill further prohibits unreasonable fees "[c]harged with respect to federal veterans benefits that exceed the amount that could be charged for those services by an attorney or claims agent accredited by the United States Department of Veterans Affairs." *Id.*

Plaintiff JoshCo Group d/b/a Veterans Benefits Guide ("VBG") is a Nevada limited liability company with its headquarters in Las Vegas, Nevada, and its regional office in Chula Vista, California, that provides advice and assistance to veterans concerning claims for VA disability benefits. ECF No. 1 ¶ 13. Plaintiff Veterans Guardian ("VG") is a North Carolina limited liability company, with a principal place of business in Pinehurst, North Carolina, that provides the same or similar services as VBG. *Id.* ¶ 14. Plaintiff Duane Svoboda is an Army veteran living in Lancaster, California and is a client of VG who used VG's services in the past and believes he is entitled to an increase in disability benefits, but he claims he cannot access VG's full services due to SB 694. *Id.* ¶ 15. Plaintiff Jonathan Svoboda is a Navy veteran living in San Diego, California who heard about VG's services from his father, Plaintiff Duane Svoboda. Jonathan Svoboda asserts that he would like VG's advice and assistance concerning a claim for increased disability benefits, but VG is unable to help him because SB 694 will take effect on January 1, 2027. *Id.* ¶ 16.

Defendant Rob Bonta ("Defendant") is the Attorney General of California. Defendant and his staff are authorized to enforce and investigate alleged violations of California's CLRA and CMVC, including SB 694 when it takes effect. *Id.* ¶ 17.

On August 18, 2026, Plaintiffs filed a Complaint alleging that SB 694 violates their First Amendment rights by unlawfully restricting their speech. ECF No. 1. Plaintiffs argue that SB 694 burdens their "ability to provide advice and assistance (to include instruction,

education, guidance, drafting, etc.) concerning veterans' claims for VA disability benefits." *Id.* ¶ 6. Plaintiffs further contend that SB 694 violates the First Amendment rights of the veteran Plaintiffs to communicate with Plaintiffs VBG and VG about their claims, and to petition the government for redress of grievances using Plaintiffs services. *Id.* ¶ 7.

On August 18, 2026, Plaintiffs filed a Motion for Preliminary Injunction. ECF No. 5. On August 20, 2026, Plaintiffs filed an Amended Motion for Preliminary Injunction, relying on the Memorandum of Points and Authorities filed on August 18, 2026. ECF No. 15. On October 6, 2026, NVLSP filed the present Motion seeking permission from the Court to file an accompanying amicus brief in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. ECF No. 29. On October 7, 2026, NVLSP filed a Request for Judicial Notice. ECF NO. 30. On October 9, 2026, Plaintiffs filed an Opposition to the Motion. ECF No. 36. On October 12, 2026, NVLSP filed a Reply. ECF No. 38.

In light of the constitutional challenges contained within the complaint, the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## II. Legal Standard

A district court has broad discretion to appoint amici curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982) overruled in part and on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). An *amicus curiae*, or "friend of the court," does not represent the parties, but "participates solely for the benefit of the court." *Barnes-Wallace v. Boy Scouts of America*, 00-cv-1726-J-AJB, *1, 2004 WL 7334945 (S.D.Cal.Mar. 23, 2004). "Amicus participation is generally most appropriate when: (1) proposed *amici* provide unique information or perspective that would assist the Court in determining the matter before it; (2) they have interest in another, similar case that may be affected by the instant outcome; or (3) a party is unrepresented or not competently represented." *Angga v. Bumble Bee Foods, LLC.,* No.: 25-cv-0583-MMA-DEB, *12025 WL 2345080 (S.D. Cal. Aug. 13 2025). District courts may, but are not required to, refer to Federal Rule of Appellate Procedure 29 because the Federal Rules of Civil Procedure do not provide guidance to

district courts when considering such requests. *Alegre v. United States*, No. 16-cv-02442-AJB-MSB, *1, 2026 WL 3084995 (S.D. Cal. Oct. 15, 2026)(citing *United States v. State Water Res. Control Bd.*, No. 2:19-cv-00547-DAD-EPG, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020)).

**III. Discussion**

NVLSP argues that the Court should permit the filing of their amicus brief because they has "expertise representing thousands of veterans in the claims process," and have experience with the process and laws that regulate them. ECF No. 29 at 4. In addition, NVLSP contends that its proposed amicus brief "reflects the voices of countless other California veterans whose protections are at stake" and "supplements the Attorney General's Opposition by offering a practical account of the current landscape for veterans navigating the claims process." *Id.* NVLSP asserts that the proposed amicus "details relevant legislative history and provides context demonstrating that SB 694 is part of a larger effort—at both the state and federal levels—to protect veterans from predatory practices." *Id.*

Plaintiffs counter that the proposed amicus briefs are untimely because Rule 29 requires that proposed amicus must be filed "no later than seven days after the principal brief," but NVLSP filed their request after Plaintiff's motion was fully briefed. ECF No. 36 at 2-3. In addition, Plaintiff contends that, under Rule 29, an amicus brief should not exceed "12.5 pages, half the 25-page limit of the opposition brief," but NVLSP's proposed brief is 20-pages and is "accompanied by more than a thousand pages of additional materials." *Id.* at 3. Plaintiffs argues that NVLSP misleadingly states that SB 694 was passed unanimously, but instead "several lawmakers on both sides of the aisle—*many of whom are veterans*—voted against the legislation." *Id.* at 4. (emphasis in original). According to Plaintiffs, NVLSP provides an inaccurate picture of how claims consultants operate. Specifically, Plaintiffs argue that they do not "take a cut" of veterans' benefits, noting that "only accredited agents and attorneys may receive payment directly from the disability benefits veterans would otherwise receive." *Id.* at 4.

In addition, Plaintiffs contend that NVLSP misrepresent that there is a "legislative convergence" of similar legislation by addressing "only a handful of states, leaving out any mention of the many more states that have advanced the same veteran-protection interests through reasonable consumer safeguards that reflect less-restrictive alternatives to the categorical prohibition California adopted." *Id.* at 5. Plaintiffs further oppose the proposed amicus because they contend that arguments about "exorbitant fees" do not reflect the experience of the individual plaintiffs before the Court, and "California could address any risk about fees that are 'excessive' or 'disproportionate to the services offered,' by directly restricting unfair fees (as other states have done) rather than categorically prohibiting (and criminally punishing) all paid consulting services relating to veterans' disability benefits." *Id.* at 6. In sum, Plaintiffs contend that proposed amicus is unhelpful to the Court because it largely ignores "Plaintiffs' as-applied challenge altogether, substituting the concrete evidence concerning the parties in this case with generalized descriptions of other industry participants or with hypotheticals generated on faulty assumptions." *Id.* at 7.

NVLSP replies that "district courts have rejected arguments that proposed amicus briefs are untimely and exercised their broad discretion to consider amici assistance where the proffered information is relevant and useful, or where the opponent had the chance to address amici's points." ECF No. 37 at 1. Here, NVLSP claims Plaintiffs have not suffered any prejudice due to the timing of the amicus because their opposition "includes a full-throated response to amici on the merits." *Id.* at 2. Moreover, NVLSP offered Plaintiffs an extension of time to file a response to the briefs, but Plaintiffs refused the extension. Although Plaintiffs claimed that they refused the extension because "they continue to suffer ongoing constitutional harm," NVLSP argues that Plaintiffs could "obtain accreditation to comply with the incoming requirements" but instead "Plaintiffs chose to shutter their California operations." *Id.* Contrary to Plaintiffs assertion, NVLSP contends that the Legislature had an interest in enacting SB 694 as evidenced by the legislative and factual history, which "shows that the Legislature had before it ample statements from various stakeholders about unaccredited claims consultants taking advantage of and abusing

veterans during the claims process." *Id.* at 2.

Despite the fact that Plaintiffs claim that their fees are often lower than the fees charged by accredited representatives, NVLSP notes that this misrepresents the payment structure, pointing out that "[f]or a veteran whose initial claim succeeds, an accredited representative charges nothing at all, while Veterans Guardian charges five times the monthly increase and VBG up to five times that amount." *Id.* Regarding Plaintiffs' contention that NVLSP's brief is misleading because it leaves out information about states that have adopted "less-restrictive alternatives" to SB 694, NVLSP contends "that information is already before the Court and NVLSP saw no need to repeat it." *Id.* at 3. NVLSP emphasizes that their point is that "a growing number of States have concluded that paid assistance with federal benefits claims requires federal accreditation," a fact that Plaintiffs do not contradict. *Id.* With regard to Plaintiffs argument that NVLSP misrepresented that SB 694 was passed unanimously, NVLSP claims they have corrected the record, but Plaintiffs "neglect to mention that SB 694 passed the Assembly Military and Veterans Affairs Committee 6 to 0, the Assembly Judiciary Committee 11 to 0, the Assembly Appropriations Committee 14 to 0, the Assembly 68 to 0, and passed the Senate 36 to 0 when that chamber first took it up. Dkt No. 30 (RJN), Ex. A at 71, 99. Even the second divided Senate vote overwhelmingly passed 25 to 6 with support from members of both parties." *Id.*

As a primary matter, the Court is not bound by the timelines imposed by Rule 29 and finds that NVLSP's motion is not untimely or prejudicial to Plaintiffs, who have been given sufficient opportunity to challenge the contentions raised in the proposed amicus. First, NVLSP offered Plaintiffs an extension of time within which to respond to the proposed amicus, but Plaintiffs declined this offer. Instead, Plaintiffs submitted a lengthy opposition to the motion in which they address their procedural and substantive concerns with the proposed amicus.

Moreover, the Court finds that the proposed amicus contains a unique perspective because NVLSP directly assist veterans in the disability claims process, which allows them

to have insights into the challenges veterans face, as well as the financial impact of predatory practices in the industry. *Angga, LLC.,* No.: 25-cv-0583-MMA-DEB, *12025 WL 2345080 ("proposed amici provide unique information or perspective that would assist the Court in determining the matter before it.") Importantly, the dispute concerning SB 694 addresses legal issues that could potentially affect more than one million veterans in California, and "[a]micus briefs are frequently welcome...concerning legal issues that have potential ramifications beyond the parties directly involved." *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.,* 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). It is immaterial that NVLSP limited their contention regarding legislative convergence to states that have enacted similar legislation because Plaintiffs have provided many contrary examples from various states, resulting in a robust sampling of differing legislative responses. See e.g., Va. Code § 59.1-615; Ala. Code § 8-19I-1–8; Fla. Stat. § 501.9741; Idaho Code § 48-603H; N.C. Gen. Stat. § 143B-1278; Okla. Stat. tit. 44, §239; S.D. Codified Laws § 33A-2-37–42; S.C. Code Ann. § 25-11-820; Tenn. Code § 58-3-115; H.B. 1076, Reg. Sess. (Miss. 2026). The Court notes that NVSLP is particularly well-suited to serve as amici regarding the legislative history of SB 694 as NVSLP has published the 2,400-page Veterans Benefits Manual for many years, providing them with a unique perspective on the matter before the Court. Similarly, the contention that the motion should be denied because NVLSP misrepresents the payment structure of veteran benefit consultants is not persuasive because the named parties have fully briefed the matter.

For these reasons, the Court finds that the proposed amicus is helpful to the disposition of the case pending before it and grants the motion to file.

**IV. Judicial Notice**

NVLSP requests that the Court take judicial notice of the legislative history of Senate Bill 694 (Exhibit A), and relevant excerpts of the legislative history of the federal GUARD VA Benefits Act, H.R. 1732, 119th Cong. (2025) (Exhibit B). NVLSP supports their request with a "sworn declaration attesting that the documents were obtained from designated official, public sources in California by or under the direction of LRI History

LLC staff." ECF No. 30 at 2. In addition, NVLSP contends that their request should be granted because "the legislative histories of Senate Bill 694 and the GUARD VA Benefits Act are capable of accurate and ready determination using accurate resources." *Id.* NVLSP also argues that the histories are relevant to the Court's adjudication of the preliminary injunction because they show that the Legislature considered an abundance of documented evidence regarding predatory practices by some consultants, and they show that SB 694 "is consistent with similar efforts to protect veterans from these abuses at the federal level." *Id.*

Plaintiffs have not opposed the request.

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Ev. 201(b). "Legislative history reports and documents reflecting the legislative history of an enactment are proper subjects of judicial notice." *Howell v. Grindr,* 15-cv-1337-GPC-NLS, 2015 WL 9008801, *8 (S.D.Cal. Dec. 15, 2015) citing *Anderson v. Holder*, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012); see also *Rodrigez v. Ford Motor Co*., 722 F.Supp 3d 1104, 1111-1112 (S.D. Cal. Mar. 21, 2024) ("[A] court may properly take judicial notice of legislative history[.]"); see also *Blumenthal Distrib., Inc. v. Herman Miller, Inc*., 811 F. App'x 421, 422 (9th Cir. 2020) ("Since the associated exhibits contain only legislative facts, we are free to consult them to the extent we find them useful.")

The Court GRANTS the request for the following reasons. The Report of Legislative History of California Civil Code § 1770 & Military & Veterans Code § 401, as amended by SB 694, contained in Exhibit A, can be accurately determined by the staff of LRI History, LLC, whose president Lisa Hampton, executed a sworn declaration attesting to the source of the documents and their authenticity. ECF No. 30-1. Similarly, the Legislative History of "Pending Title 38 United States Code § 5905, H.R. 1732, 119th Congress, "GUARD VA Benefits Act" can be accurately determined by the staff of LRI History, LLC, as attested to by LRI History, LLC's president Lisa Hampton. ECF No. 30-2.

## V. Conclusion and Order

Accordingly, the Court **GRANTS** NVLSP's motion to file an amicus brief in support of Defendant, **GRANTS** the request for judicial notice, and directs that the proposed amicus brief be filed. ECF No. 28.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge